IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PETER MEEKER,

        Petitioner,        OPINION & ORDER

 v.

                           16-cv-472-jdp

UNITED STATES OF AMERICA,       14-cr-110-jdp

        Respondent.

---

  Petitioner Peter Meeker is currently in custody at the United States Penitentiary in Leavenworth, Kansas. In 2015, Meeker pleaded guilty to several armed robberies, armed bank robbery, and brandishing a firearm during the armed bank robbery. I sentenced Meeker to 121 months of imprisonment per count on the armed robbery and armed bank robbery charges, all running concurrently. I sentenced him to 84 months of imprisonment on the brandishing-of-a-firearm charge, to run consecutively to the other counts. *See United States v. Meeker*, No. 14-cr-110-jdp (W.D. Wis. May 22, 2015), Dkt. 58.

  Meeker has filed a motion for postconviction relief under 28 U.S.C. § 2255, alleging that his conviction and sentence on the brandishing-a-firearm charge under 18 U.S.C. §§ 924(c) is unconstitutional under a theory articulated in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Meeker has also filed a motion for appointment of counsel.

  Because Meeker is proceeding pro se, I must review his petition under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). After conducting a preliminary review of the petition under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, I conclude that

Meeker is not entitled to relief under *Johnson*. I will therefore deny Meeker's motion to vacate his sentence as well as his motion for appointment of counsel.

To obtain relief under 28 U.S.C. § 2255, a prisoner must show that the district court sentenced him "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack." Relief under § 2255 is appropriate only for "'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

Meeker pleaded guilty to several offenses, including armed bank robbery under 18 U.S.C. § 2113(a) and (d) for an October 2014 robbery of a Bank of Poynette branch located in Lodi, Wisconsin. Count 11 of the superseding indictment included an additional charge for brandishing a firearm during this robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), which states in relevant part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> * * *
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

Section 924 (c)(3) defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Meeker contends that the brandishing-a-firearm conviction should be vacated because the "crime of violence" definition as applied to his underlying armed bank robbery charge is unconstitutionally vague under *Johnson*. Meeker argues that *Johnson's* holding that the "residual clause" of the Armed Career Criminal Act, § 924(e)(2)(B), was unconstitutionally vague should be extended to § 924 (c)(3)(B), because it contains language similar to that of § 924(e)(2)(B).

But the question whether the reasoning of *Johnson* should be extended to § 924 (c)(3)(B) is irrelevant, because the Court of Appeals for the Seventh Circuit has already made clear that convictions like Meeker's do not depend on subsection B. In *United States v. Armour*, 840 F.3d 904, 907-09 (7th Cir. 2016), the court ruled that convictions for armed bank robbery under 18 U.S.C. § 2113(a) and (d)[1] qualify as "crimes of violence" under the "elements clause" (subsection A) of § 924 (c)(3), so it did not need to reach the question

---

[1] That statute provides in relevant part:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, . . . Shall be fined under this title or imprisoned not more than twenty years, or both.
>
> * * *
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

3

whether subsection B is unconstitutionally vague. Because Meeker's armed bank robbery conviction qualifies as a crime of violence under subsection A, his motion to vacate his brandishing-a-firearm conviction and sentence is plainly without merit. Accordingly, I will deny the motion without ordering further briefing.

Meeker has filed a motion for appointment of counsel to assist him with litigating his motion to vacate his conviction and sentence, Dkt. 3 in case no. 16-cv-472-jdp. The federal defender previously declined to represent Meeker on his *Johnson* claim. Because I conclude that Meeker's theory of relief plainly has no merit, there is no reason for me to consider appointing counsel for him.

Finally, Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless Meeker makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Meeker has not made a showing, substantial or otherwise, that either his conviction or sentence was decided contrary to federal law. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue Meeker a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Peter Meeker's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, Dkt. 1 in case no. 16-cv-472-jdp, is DENIED. The clerk of court is directed to enter judgment for respondent and close this case.

2. Petitioner's motion for appointment of counsel, Dkt. 3 in the '472 case, is DENIED.

3. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered December 21, 2016.

                                                 BY THE COURT:

                                                 /s/

                                               _____
                                               JAMES D. PETERSON
                                               District Judge